UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| JANE DOE, | ) | C/A: _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| HORIZON THERAPEUTICS | ) | |
| SERVICES, LLC d/b/a HORIZON, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Jane Doe ("Doe" or "Plaintiff"), by and through her attorney, brings this action against Defendant, Horizon Therapeutics Services, LLC d/b/a Horizon ("Horizon" or "Defendant"). Plaintiff alleges as follows:

## NATURE OF CLAIM

1.      Doe asserts claims against Horizon for its unlawful religious discrimination against her after she requested and was denied a reasonable religious accommodation, based on her sincerely held religious beliefs, from Horizon's COVID-19 vaccination mandate.

## PARTIES, JURISDICTION, and VENUE

2.      Doe is a citizen of Charleston County, State of South Carolina.

3.      Upon information and beliefs, Horizon is a for-profit corporation incorporated under the laws of the State of Illinois with its principal place of business at 1 Horizon Way, Deerfield, Illinois 60015.

4.      Upon information and beliefs, Horizon employs over 500 employees.

5.      Doe has fulfilled all conditions precedent to the initiation of this action under Title VII by timely filing her charge of religious discrimination within three hundred (300) days of the

Complaint
C/A: _____

last discriminatory act and timely filing this lawsuit within ninety (90) days of receiving her Notice

of Right-to-Sue from the Equal Employment Opportunity Commission ("EEOC").

6.    Venue is proper in this division of the District of South Carolina because almost all

of Doe's employment activity and termination occurred in this division.

## FACTS

7.    Doe realleges each and every allegation contained in the above paragraphs as if

repeated here verbatim.

8.    This is an action to redress the deprivation of Doe's rights to be free from religious

discrimination in employment.

9.    Doe asserts claims against Horizon for its unlawful religious discrimination against

her after she requested and was denied a reasonable religious accommodation, based on her

sincerely held religious beliefs, from Horizon.

**A.    Horizon's Discriminatory Vaccination Mandate.**

10.    Doe is an individual who began her employment with Horizon on or around

February 2018 as a Patient Access Manager a/k/a Patient Access Liaison.

11.    Doe's position as a Patient Access Liaison was accomplished almost entirely

remotely, with Doe working from home and on some occasions visiting healthcare facilities.

12.    On August 20, 2021, Doe went on maternity leave as her husband and she were

expecting their first child, who was born on September 1, 2021.

13.    Doe sent an email to Horizon's human resources personnel ("HR") on or about

September 27, 2021, requesting information about applying for a reasonable religious

accommodation, based on her sincerely held religious beliefs against receiving the COVID-19

vaccine.

Complaint
C/A: _____

14.    At 2:46 PM, September 30, 2021, Doe submitted her request to the Horizon Covid

Committee ("Committee") for reasonable religious accommodation based on her sincerely held

religious beliefs against receiving the COVID-19 vaccine.

15.    At 10:33 AM, October 1, 2021, Committee sent Doe an email stating

> We received your request and your documentation for a religious accommodation
> from the COVID-19 Vaccine. We will submit your request to the Horizon COVID
> Committee (comprised of medical, legal and HR professionals) for review and
> consideration, and will follow up with you if we have any questions or need
> additional information. Otherwise, we will let you know once a decision has been
> made.

16.    At 3:51 PM, October 1, 2021, Committee sent Doe an email confirming that the

Committee had denied Doe's request for a religious accommodation.

17.    On October 4, 2021, Doe submitted additional information and documentation to

the Committee for her request for reasonable religious accommodation based on her sincerely held

religious beliefs against receiving the COVID-19 vaccine.

18.    On October 5, 2021, Doe received an email from Horizon reading:

> The Committee reviewed your request for an accommodation, and as you know, it
> was denied. We do not have an appeal process, as Horizon feels comfortable with
> the decisions made. These decisions were made based on the information that you,
> your religious leader and/or person that attested to your sincerely held religious
> beliefs supplied to us to review. In addition, they looked at the position/role you
> have with the Company. This decision is final.
>
> The Accommodation Review Committee is made up of physicians, HR
> professionals, and other Company representatives. Committee members are not
> available to conduct individual interviews or follow-up discussions with employees
> requesting an accommodation to the Company's mandatory vaccination policy.

19.    On October 21, 2021, Doe submitted a second appeal and request for the names of

individuals on Committee, also offering to provide any additional information they may need to

consider her request for reasonable religious accommodation based on her sincerely held religious

beliefs.

Complaint
C/A: _____

20.     On November 3, 2021, Horizon advised Doe there was no appeal process.

21.     On January 31, 2022, as a result of Horizon's discriminatory mandate, Doe lost her job and has incurred substantial damages.

22.     Doe complied with all requirements for seeking a reasonable religious accommodation based on her sincerely held religious beliefs, and otherwise complied with all of the requirements Horizon had established for seeking a religious accommodation from the Mandatory COVID-19 Vaccination Policy.

23.     Doe did not seek to harm anyone, nor did she request license to roam about uninhibited as though no health threat existed. Doe merely sought to protect her sincerely held religious beliefs while being afforded the opportunity to continue her employment.

24.     Doe was willing to abide by reasonable protections that have been espoused as sufficient to protect against COVID-19.

25.     Doe never lost a client due to her vaccination status.

26.     Doe performed all of the essential duties of her position remotely.

**B.     Doe and Her Sincerely Held Religious Beliefs.**

27.     Doe has sincerely held religious beliefs that preclude her from complying with Horizon's Mandatory COVID-19 Vaccination Policy.

28.     Doe's sincerely held religious beliefs include that she has a personal relationship with Jesus Christ, her Lord and Savior.

29.     Doe's sincerely held religious beliefs include that the Bible directs her to "put on the whole armor of God," so that she can be equipped with "truth, righteousness, peace, and faith." *Ephesians* 6: 10-18.

30.     Doe's sincerely held religious beliefs include that the Bible directs her not to be

Complaint
C/A: _____

afraid and that she has divine protection. "In GOD and Jesus Christ, she Trusts." *I Timothy* 1:7.

"Fear not, for I am with you; be not dismayed, for I am your God; I will strengthen you, I will help

you, I will uphold you with my righteous right hand."

> Because he holds fast to me in love, I will deliver him;  I will protect him, because
> he knows my name.  When he calls to me, I will answer him;  I will be with him in
> trouble; I will rescue him and honor him.  With long life I will satisfy him  and
> show him my salvation.

*Psalm* 91: 14-16.

31.    In her request for a reasonable religious accommodation, Doe wrote, "these are **my**

sincerely-held beliefs." (emphasis in original).

32.    Doe's sincerely held religious beliefs include that the Bible teaches her that she was

given Holy Spirit by God and must conform her life, including her decisions relating to medical

care, to the commands and teaching of Scripture and the Holy Spirit as her guide.

> When the Spirit of truth comes, he will guide you into all the truth, for he will not
> speak on his own authority, but whatever he hears he will speak, and he will declare
> to you the things that are to come.  He will glorify me, for he will take what is mine
> and declare it to you."

*John* 16:13-14 (ESV).

33.    Doe has sincerely held religious beliefs that the Holy Spirit—through prayer and

the revelation of Scripture—guides her in all decisions she makes in life.

34.    Doe's sincerely held religious beliefs include that the Bible teaches her that Jesus

Christ came to this earth, died on the cross for her sins, was resurrected three days later, and that

when He ascended to Heaven, He sent the Holy Spirit to indwell His Believers and to guide them

in all aspects of their lives. "Nevertheless, I tell you the truth: it is to your advantage that I go

away, for if I do not go away, the Helper will not come to you. But if I go, I will send him to you."

*John* 16:7 (ESV); "But the Helper, the Holy Spirit, whom the Father will send in my name, he will

Complaint
C/A: _____

teach you all things and bring to your remembrance all that I have said to you." *John* 14:26 (ESV).

35.    Doe's sincerely held religious beliefs include that the Bible teaches her that she shall receive all answers to her questions through prayer and supplication, including for decisions governing her medical health. "If any of you lacks wisdom, let him ask God, who gives generously to all without reproach, and it will be given him." *James* 1:5 (ESV); "Therefore I tell you, whatever you ask in prayer, believe that you have received it, and it will be yours." *Mark* 11:24 (ESV); "…do not be anxious about anything, but in everything by prayer and supplication with thanksgiving let your requests be made known to God. And the peace of God, which surpasses all understanding, will guard your hearts and your minds in Christ Jesus." *Philippians* 4:6–7 (ESV); "Trust in the Lord with all your heart, and do not lean on your own understanding.  In all your ways acknowledge him, and he will make straight your paths."  *Proverbs* 3: 5-6 (ESV)

36.    Through much prayer and reflection, Doe sought wisdom, understanding, and guidance on the proper decision to make concerning these COVID-19 vaccines, and Doe was convicted by the Holy Spirit in her beliefs that to receive any of the vaccines was against the teachings of Scripture.

37.    Doe asked Horizon for an exemption and reasonable accommodation for these sincerely held religious beliefs, but Horizon unlawfully and callously refused to oblige.

**<u>FOR A FIRST CAUSE OF ACTION</u>**
**VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, et seq.**
**Religious Discrimination – Failure to Accommodate**

38.    Doe realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

39.    Doe has filed a timely charge with the EEOC on March 21, 2022. The EEOC issued a Notice of Right to Sue to Doe on July 1, 2022.

Complaint
C/A: _____

40.    Title VII of the Civil Rights Act of 1964 prohibits Horizon from discriminating against its employees on the basis of their sincerely held religious beliefs.

41.    Doe holds sincere religious beliefs that precludes her from receiving a COVID-19 vaccine.

42.    Doe informed Horizon of those beliefs and requested a reasonable religious accommodation from the vaccine mandate.

43.    Horizon failed to engage in the interactive process with Doe regarding her reasonable religious accommodation requests and simply denied Doe's request without ever talking with her to ask any questions.

44.    Horizon failed to provide Doe with a reasonable religious accommodation, thereby discriminating against Doe because of her sincerely held religious beliefs.

45.    Doe's sincerely held religious beliefs about receiving a COVID-19 vaccine were the basis for Horizon's discriminatory treatment.

46.    Horizon's failure to provide a reasonable religious accommodation has harmed and will continue to harm Doe.

47.    Accommodating Doe's sincerely held religious beliefs would not have resulted in an undue hardship on Horizon or its business.

48.    By failing to engage in the interactive process or offer any reasonable accommodation, Horizon's discriminatory actions were intentional and/or reckless and in violation of Title VII.

49.    Doe is entitled to all legal and equitable remedies available for Title VII violations, including compensatory and punitive damages.

Complaint
C/A: _____

## FOR A SECOND CAUSE OF ACTION
### VIOLATION OF TITLE VII, 42 U.S.C. § 2000e, et seq.
### Wrongful Termination

50.     Doe realleges each and every allegation contained in the above paragraphs as if repeated here verbatim.

51.     On October 1, Horizon told Doe "In order to return to work and be compliant with the vaccine mandate policy, you will need to be fully vaccinated by the time you return from your leave."

52.     On January 7, 2022, Horizon told Doe

You were sent an email with the committee's decision on October, 1, 2021, and your request for a religious exemption was denied. In order to return to work and be compliant with the vaccine mandate policy, the expectation was for you to be fully vaccinated by the time you return from leave.  If you have not been fully vaccinated by the time you return from leave and you choose to get vaccinated, in order to return from leave, you will need to have either one dose of the J&J vaccine or the first dose (in a two dose series) of the Pfizer or Moderna vaccine. Prior to returning from leave, you will need to contact the HRNow mailbox at HR@horizontherapeutics.com and provide them with a copy of your vaccine card (copy of front and back of card), showing proof of vaccination.  Once we have this information, you will be returned from leave and will be granted a deferral to work remote until you are considered fully vaccinated. If you receive the two dose vaccine, you will need to receive the second dose of your vaccine within the timeframe the CDC recommends (refer to the table below). You can return to the field/office once you are considered fully vaccinated in accordance with CDC guidelines (refer to the table below). If you choose not to get vaccinated, you will not be returned to work and will be terminated effective your return to work date.

53.     This threat by Horizon meant that Doe had to choose between the "Jab and her Job," OR "*her sincerely held religious beliefs*."

54.      On January 31, 2022, Horizon terminated Doe's employment on the grounds that she had failed to comply with Horizon's Mandatory COVID-19 Vaccination Policy.

55.     Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer "to discharge any individual, or to otherwise discriminate against any individual with respect to [her]

Complaint
C/A: _____

compensation, terms, conditions, or privileges of employment, because of such individual's …

religion." 42 U.S.C. § 2000e–2(a)(1).

56.    At the time of the discrimination, Doe was a Horizon employee—qualified in all

respects to do her job competently—with sincere religious objections to receiving COVID-19

vaccines.

57.    Horizon terminated the employment of Doe after she refused to violate her

sincerely held religious beliefs by subjecting herself to Horizon's vaccination mandate.

58.    Horizon's termination of Doe was an adverse employment action that materially

and adversely changed the overall terms and conditions of her employment, in violation of Title

VII.

59.    Horizon's conduct has been intentional, deliberate, willful, malicious, reckless, in

callous disregard to Doe's religious rights, thereby entitling Doe to punitive damages.

60.    Doe is entitled to all legal and equitable remedies available for Title VII violations,

including compensatory and punitive damages.

WHEREFORE, Doe respectfully prays that this Court enter judgment for her, and against

Horizon, as follows:

a.    Award Doe's back pay and other compensatory damages suffered by Doe,

including back and future pecuniary losses, emotional pain, suffering, inconvenience, mental

anguish, loss of enjoyment of life, and nonpecuniary losses;

b.    For an award of front pay and benefits to be established at trial;

c.    Award punitive damages to Doe;

d.    Award Doe the reasonable costs and expenses of this action, including reasonable

attorneys' fees, as required by Title VII; and

Complaint
C/A: _____

      e.      Grant such other and further relief as the Court deems equitable and

just under the circumstances.

**DOE REQUESTS A TRIAL BY JURY.**


                                                s/Bruce E. Miller _____
                                                Bruce E. Miller, Esq. (Fed ID 3393)
                                                BRUCE E. MILLER, P.A.
                                                147 Wappoo Creek Drive, Suite 603
                                                Charleston, South Carolina 29412
                                                T: 843.579.7373
                                                F: 843.577.0460
                                                bmiller@brucemillerlaw.com

                                              **ATTORNEY FOR JANE DOE**

CHARLESTON, SC

September 26, 2022